UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Jamie L. Alunan,<br><br>    Plaintiff,<br><br>v.<br><br>Premier Recovery Group, Inc.<br>c/o Joey Younger<br>191 North Street<br>Buffalo, NY 14201<br><br>and<br><br>Joey Younger<br>191 North Street<br>Buffalo, NY 14201<br><br><br>           Defendants. | Case No.<br><br><br><br>**COMPLAINT**<br><br><br><br>**Jury Demand Requested** |

Now comes Plaintiff, by and through her attorneys, and, for her Complaint, alleges as follows:

### JURISDICTION AND VENUE

1- This court has jurisdiction pursuant to 28 U.S.C. §§1331, 1337, 1367; and 15 U.S.C. §1692k(d).

2- Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

### PARTIES

3- Plaintiff incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the õDebtö).

4- Plaintiff is a resident of the State of the Illinois.

1

5- Defendant Premier Recovery Group, Inc. ("PRG") is a corporation with its principal office in the State of New York.

6- Defendant Joey Younger ("Younger") is, upon information and belief, a resident of the State of New York.

7- Upon information and belief, Defendant Younger manages, controls, and orchestrates all collection activities of Defendant PRG.

8- Unless otherwise stated herein, the term "Defendant" shall collectively refer to Defendants PRG and Younger.

9- Defendant uses instruments of interstate commerce for its principal purpose of business, which it the collection of debts.

10- Defendant regularly attempts to collects, or attempts to collect, debts owed or due another.

11- At all times relevant, Defendant owned the Debt or was retained to collect the Debt.

### FACTS COMMON TO ALL COUNTS

12- On or around June 4, 2012, Defendant telephoned Plaintiff's sister ("Sister") and left a voicemail.

13- During this communication, Defendant knowingly disclosed the existence, nature, and/or amount of the Debt to Sister.

14- During this communication, Defendant falsely represented that there was legal action pending against Plaintiff, and left a Case Number of 186228.

15- During this communication, Defendant falsely represented that Plaintiff had 24 hours to contact Defendant or the case would be turned over to "County."

16- On or around June 4, 2012, Defendant telephoned Plaintiff.

17- During this communication, Defendant threatened to take legal action against Plaintiff if Plaintiff did not contact Defendant by the close of business that day.

18- On or around June 22, 2012, Defendant communicated with Plaintiff.

19- During this communication, Defendant falsely represented that there was legal action pending against Plaintiff.

20- On or around June 25, 2012, Defendant again telephoned Sister.

21- During this communication, Defendant spoke with Sister and disclosed the existence, nature, and/or amount of the Debt to Sister.

22- During this communication, Defendant falsely represented that it would take legal action against Plaintiff if Plaintiff did not contact Defendant within 24 hours.

23- On or around June 25, 2012, Defendant communicated with Plaintiff.

24- During this communication, Plaintiff notified Defendant that it was calling Sister and Plaintiff's boyfriend ("Boyfriend"), and requested that it stop doing so.

25- During this communication, Defendant falsely threatened to send deputies to Plaintiff's home with regards to legal action that was filed against Plaintiff.

26- On or around June 26, 2012, despite having notice, Defendant again telephoned Sister.

27- During this communication, Defendant falsely represented that there was legal action pending against Plaintiff.

28- On or around June 26, 2012, Defendant telephoned Plaintiff.

29- During this communication, Defendant falsely represented that it would pursue legal action against Plaintiff unless Plaintiff contacted Defendant.

30- On or around July 9, 2012, Defendant telephoned Plaintiff.

31- During this communication, Defendant falsely represented that it would pursue legal action against Plaintiff unless Plaintiff contacted Defendant.

32- On or around August 20, 2012, Defendant telephoned Plaintiff.

33- During this communication, Defendant falsely represented that it would pursue legal action against Plaintiff unless Plaintiff contacted Defendant.

34- On or around August 21, 2012, despite having notice, Defendant telephoned Boyfriend.

35- During this communication, Defendant knowingly disclosed the existence, nature, and/or amount of the Debt to Boyfriend.

36- During this communication, Defendant falsely represented that it would pursue legal action against Plaintiff unless Plaintiff contacted Defendant.

37- Defendant damaged Plaintiff.

38- Defendant violated the FDCPA.

## COUNT I

39- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

40- Defendant violated 15 USC §1692e(10) by using false representation or deceptive means to collect a debt.

## COUNT II

41- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

42- Defendant violated 15 USC § 1692f by engaging in unfair and/or unconscionable means to collect, or attempt to collect, a debt.

## COUNT III

43- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

44- Defendant violated 15 USC § 1692e(5) by threatening to take action that could not be legally taken at the time.

## COUNT IV

45- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

46- Defendant violated 15 USC § 1692e(5) by threatening to take action that Defendant did not intend to take at the time.

## COUNT V

47- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

48- Defendant violated 15 USC § 1692b by disclosing the existence, nature, and/or amount of a debt to a third person.

## JURY DEMAND

49- Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

50- Plaintiff prays for the following relief:

   a. Judgment against Defendant for Plaintiff's actual damages, as determined at trial, suffered as a direct and proximate result Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(1);

   b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(2)(A);

   c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d. Any other legal and/or equitable relief as the Court deems appropriate.

        RESPECTFULLY SUBMITTED,

        Meier LLC

        By: */s/ Richard J. Meier*
        Richard J. Meier, Esq.
        53 W. Jackson Blvd, Suite 304
        Chicago, IL 60604
        Tel: 312-242-1849
        Fax: 312-242-1841
        Richard@meierllc.com
        *Attorney for Plaintiff*