**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Jamie L. Alunan, <br><br> Plaintiff, <br><br> v. <br><br> Premier Recovery Group, Inc., et al. <br><br> Defendants. | Case No. 1:12-cv-08452 <br><br><br> **PLAINTIFF'S MOTION** <br> **FOR DEFAULT JUDGMENT** |

Now comes Plaintiff, by and through counsel, pursuant to Federal Rule of Civil Procedure 55(b), and respectfully moves the Court to enter judgment against Defendant. Plaintiff respectfully requests that this Court enter judgment against Defendant for $51,000. Default Judgment against Defendant is appropriate since Defendant failed to respond to the Complaint and the Clerk entered Defendant's default on the record. Further reasons are included in the attached Memorandum in Support.

                                              Respectfully submitted,

                                              Meier LLC

                                              By: */s/ Richard J. Meier*
                                              Richard J. Meier, LLC
                                              53 W. Jackson Street, Suite 304
                                              Chicago, IL 60604
                                              Tel: 1.312.242.1849
                                              Fax: 1.312.242.1841
                                              Ricahrd@meierllc.com
                                              *Attorneys for Plaintiff*

**MEMORANDUM IN SUPPORT**

I- INTRODUCTION

On October 20, 2012, Plaintiff filed this case for violations of the Fair Debt Collection Practices Act ("FDCPA").[1] On November 6, 2012, Plaintiff perfected Service upon Defendant by serving the Summons and a copy of the Complaint through a private process server.[2] Defendant failed to timely file its Answer or responsive pleading by November 27, 2012, and Plaintiff requested that the Clerk enter Defendant's default; which the Clerk did on December 11, 2012.[3] Accordingly, Plaintiff now moves this Court to enter Judgment against Defendant in the above-captioned matter.

II- LAW AND DISCUSSION

**A. Plaintiff is entitled to a judgment against Defendant**

The decision to enter a default judgment rests in the sound discretion of the trial court. *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986); *see also Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3rd Cir. 1984). In exercising this discretion, the Court should consider three factors: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether the defendant's delay is due to culpable conduct. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986); *see also Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3rd Cir. 2000). In the case at hand, Defendant had numerous opportunities to address Plaintiff's allegations but failed to do so. Pursuant to Federal Rule of Civil Procedure 8(b), Defendant's failure to deny Plaintiff's allegations amounts to an admission of the same, and establishes Defendant's liability under the FDCPA. Given Defendant's liability, Plaintiff is

---

[1] Docket # 1.
[2] Docket # 5.
[3] Docket # 8.

2

entitled to recover damages under the FDCPA that, without the requested judgment, Plaintiff would not be able to enforce. Defendant had multiple notices of this lawsuit and ample opportunity to participate in this litigation; it seems, however, that Defendant purposely and intentionally avoided doing so. Accordingly, default judgment against Defendant is appropriate.

### B. Damages Under the Fair Debt Collection Practices Act

Under the FDCPA, a successful plaintiff is entitled to recover statutory damages up to $1,000; actual damages sustained as a result of the defendant's conduct; and the costs of the action plus reasonable attorney's fees. 15 U.S.C. § 1692k. Damages recoverable as "actual damages" under the statute include "damages for personal humiliation, embarrassment, mental anguish, [and] emotional distress…" *Staff Commentary on the FDCPA*, 53 Fed. Reg. 50097, 50109 (Dec. 13, 1988) (Section 813-Civil Liability). *See also*, *McNally v. Client Services, Inc.*, 2008 WL 2397489 (W.D. Pa 2008). Typical damages that are compensable under the FDCPA include crying, *Bingham v. Collection Bureau, Inc.*, 505 F. Supp. 864 (D.N.D. 1981), loss of sleep, *Boyce v. Attorney's Dispatch Service,* 1999 U.S. Dist. LEXIS 12970 (W.D. Ohio 1999), anxiety, nervousness, fear, worry, loss of happiness, *Thomas v. National Business Assistants, Inc.*, 1984 WL 585309 (D. Conn. 1984), emotional or mental distress, *Smith v. Law Office of Mitchell N. Kay*, 124 B.R. 182 (D. Del. 1991), loss of appetite, *Crossley v. Lieberman,* 90 B.R. 682 (1988), aggravation of medical conditions, *Bundren v. Superior Court*, 145 Cal App. 3d 784 (1983), as well as other non-physical and physical injuries. And, an FDCPA plaintiff does not need to satisfy the state's elements of intentional infliction of emotional distress to recover actual damages. *Gerber v. Citigroup, Inc.*, 2009 WL 248094 (E.D. Cal. 2009); *see also Panahiasl, et al. v. Gurney*, 2007 WL 738642 (N.D. Cal. 2007); *Davis v. Creditors Interchange Receivable Management, LLC*, 585 F. Supp.2d 968, 970-973 (N.D. Ohio 2008). Further, the FDCPA is a

strict liability statute and a plaintiff does not need to show intent on the part of the Defendant to recover damages under the statute. *Reichert v. National Credit Systems, Inc.*, 531 F.3d 1002, 1004 (9th Cir. 2008) (*citing Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162 (9th Cir. 2006).

Relevant to the case at hand, the FDCPA prohibits a debt collector from: communicating with a third party for purposes other than obtaining location information for the debtor, 15 U.S.C. § 1692b(1); disclosing to a third-party that a consumer owes a debt, 15 U.S.C. §1692b(2); communicating with a third-party more than one time, 15 U.S.C. § 1692b(3); threatening to take action that cannot be legally taken, or that is not intended to be taken, 15 U.S.C. § 1692e(5); making false representations in the collection, or attempted collection of a debt, 15 U.S.C.e(10); engaging in conduct intended to harass, oppress, or abuse any person, 15 U.S.C. §1692d; and otherwise engaging in unfair or unconscionable practices during the collection of a debt, 15 U.S.C. §1692f.

In the case at hand, in June 2012, Defendant knowingly telephoned Plaintiff's sister and left a voicemail.[4] In this voicemail, Defendant intentionally disclosed to sister that Plaintiff owed a debt and that a complaint had been filed against Plaintiff; Defendant even provided a "case number" that Plaintiff needed to refer to.[5] In the voicemail, Defendant made explicit threats to

---

[4] Plaintiff Affidavit at ¶ 1. Attached as Exhibit A and incorporated herein. In determining the amount of damages on a motion for default judgment, the court may conduct an evidentiary hearing. Fed. R. Civ. P. 55(b)(2). However, it is "well settled that a court, in lieu of a hearing, may rely on detailed affidavits and documentary evidence, along with its own personal knowledge of the record." *Capitol Records, Inc. v. Zahn*, 2007 WL 542816 (M.D. Tenn 2007). *See also Laborers Pension Trust Fund v. Muscat*, 2005 WL 1348852 (E.D. Mich. 2005); *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105 (2nd Cir. 1997). Reliance on affidavits in lieu of an evidentiary hearing makes particular sense where, as in the present case, the Defendant has failed to appear or otherwise defend and thus would not participate in such an evidentiary hearing if it occurred.
[5] *Id.* at ¶ 2.

refer the case to "county" and that Plaintiff had "24 hours" before the matter was prosecuted.[6] Then, almost a week later, a different agent of Defendant called Plaintiff's sister again and left another message for Plaintiff.[7] In this second message, Defendant made similar threats of forwarding the matter to "county" but escalated the intimidation factor by threatening to file "motions" against Plaintiff.[8] Based on this second message, Plaintiff had the impression that Defendant was a law firm.

These messages terrified Plaintiff.[9] Plaintiff felt like she had committed some crime and did not know what would happen to her.[10] To make matters worse, her situation was being broadcasted to her sister and Plaintiff did not know who else.[11] Plaintiff's sister, naturally, was upset about receiving Defendant's threatening messages for Plaintiff, and was angry about being put in the middle.[12] Defendant knew it was calling someone other than Plaintiff and did so intentionally.[13] Clearly, Defendant did not care about following the law but, rather, to terrorize Plaintiff, which Defendant accomplished.

Defendant's actions caused Plaintiff to become depressed, withdrawn, and humiliated.[14] Whereas Plaintiff had been a sociable, friendly, and easy-going person before June 2012, after Defendant's intentional attempts at humiliation and intimidation, Plaintiff's behavior changed. Plaintiff no longer felt like meeting with friends and family because she did not know what rumors or lies had been spread about her.[15] Plaintiff lost concentration at work, had a hard time

---

[6] *Id.*
[7] *Id.* at ¶ 3.
[8] *Id. at ¶ 4.*
[9] *See Id.* at ¶ 5.
[10] *Id.*
[11] *Id.* at ¶ 6.
[12] *Id.* at 3.
[13] *Id.* at ¶ 6.
[14] *Id.* at ¶ 8.
[15] *Id.*

5

sleeping, and lost her appetite.[16] The anticipation that Defendant would leave another message with a member of her family caused Plaintiff great anxiety.[17]

In response to Defendant's messages, Plaintiff spoke with a bankruptcy attorney who informed Plaintiff that Defendant's conduct and threats were illegal, referring Plaintiff to an FDCPA attorney.[18] Learning that Defendant had illegal treated was a mixed blessing because while Plaintiff realized she did not have to be afraid, she become angry at being treated like a criminal and over all the lost time, peace of mind, and happiness that Defendant took from her.[19]

In light of the egregiousness of Defendant's conduct, the calculated humiliation of Plaintiff by knowingly leaving message in Plaintiff's sister voicemail, the intentional threats of legal and criminal action against Plaintiff, the false representations made to Plaintiff, along with everything else, Plaintiff respectfully requests that this Court award Plaintiff actual damages in the amount of $50,000. Plaintiff's requested damage award is reasonable in light of the severity of the damages caused by Defendant's conduct, and the fact that Defendant is a professional debt collector that, presumably, is well-versed in the do's and don'ts of the collection industry but chose to conduct itself with willful disregard for the law.

### III- CONCLUSION

Plaintiff respectfully moves the Court to enter Default Judgment against Defendant in the above-captioned matter. Defendant violated the FDCPA by repeatedly communicating with a third party, threatening action that was not legal and could not be taken against Plaintiff; engaging in conduct intended to harass, annoy, and oppress Plaintiff into giving Defendant money; making outrageous misrepresentations, and engaging in abusive, unfair, and

---

[16] *Id.*
[17] *Id.* at ¶¶ 5-8.
[18] *Id.* at ¶ 9.
[19] *Id.*

6

unconscionable conduct during the collection, or attempted collection of a debt. As a direct and proximate result of Defendant's conduct, Plaintiff suffered mental and emotional distress for which she is entitled to recover damages under the FDCPA, along with result his reasonable attorneys' fees and costs incurred in this action. For these and the foregoing reasons, Plaintiff respectfully requests that this Court enter Judgment against Defendant for $51,000.

    Respectfully submitted,

    Meier LLC

    By: */s/ Richard J. Meier*
    Richard J. Meier, LLC
    53 W. Jackson Street, Suite 304
    Chicago, IL 60604
    Tel: 1.312.242.1849
    Fax: 1.312.242.1841
    Richard@meierllc.com
    *Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

  I hereby certify that, on January 9, 2013, a copy of the foregoing Motion was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. The following parties were served through U.S. Mail.

J. Glenn Davis
Attorney at Law
70 Niagara Street, Suite 500
Buffalo, NY 14202
Attorney for Defendants
*Premier Recovery Group, Inc.*
*and Joey Younger*

                */s/ Richard J. Meier*